UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEW YORK LIFE INSURANCE
COMPANY, a New York corporation,

    Plaintiff,

v.                                          Case No. 5:11-cv-618-Oc-34TBS

MARITA G. SNYDER, SUSAN DECK,
DENA WOELFLING and THOMAS
SNYDER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is New York Life Insurance Company's Motion to be Dismissed from this Interpleader Action with Incorporated Memorandum of Law (Doc. 12). No defendant has filed a paper in opposition to the motion.

## I. BACKGROUND[2]

Plaintiff, New York Life Insurance Company issued life insurance policy ("Policy") number A3286518 in the amount of $50,000 to its insured, Terrance R. Snyder. The proceeds of the Policy are payable to Mr. Snyder's designated beneficiaries upon his death. Mr. Snyder died on February 15, 2011. The

---

[1]Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

[2]All statements of fact come from plaintiff's motion (Doc. 12), unless another source is indicated.

defendants have made conflicting clams to the proceeds of the Policy.  Plaintiff filed this interpleader action to determine the proper disposition of the proceeds.  Plaintiff has deposited $50,130.36 representing the funds plus accrued interest with the Clerk of this Court.  Plaintiff makes no claim to this money and is a party to this action solely because it is a stakeholder.  All of the defendants have agreed to accept service of plaintiff's complaint, have executed waivers of summons and are before this Court.  Now, plaintiff seeks to be discharged from liability and dismissed from this action and that its reasonable attorneys' fees and costs be taxed against the interpleader funds.

## II.  DISCUSSION

"The purpose of an interpleader action is to 'allow the contesting parties to have their rights determined in a court of equity so as to protect the plaintiff from double liability, and to preserve the rights of any claimant to the fund . . .'"  Orseck, P.A. v. Servicios Legales De Mesoamerican S. De R.L., 699 F.Supp.2d 1344, 1348 (S.D. Fla. 2010) quoting Johnson v. Johnson, 139 F.2d 930, 933 (5th Cir. 1943).  There are two stages to a typical suit for interpleader.  Star Ins. Co. v. Cedar Valley Express, LLC, 273 F.Supp.2d 38, 40 (D.D.C. 2002).  In the first stage, the Court determines whether the plaintiff has satisfied the requirements for interpleader.  Orseck, 699 F.Supp.2d at 1349.  In the second stage, the Court determines the rights and interests of the claimants to the disputed property.  Id. at 1349 FN6.  Plaintiff is asking to be dismissed at stage one of this action.

The Court's jurisdiction and the requirements for interpleader are: (1) that plaintiff has custody of disputed property valued at more than $500; (2) plaintiff has deposited the disputed property into the registry of the Court; and (3) there are two or more adverse claimants of diverse citizenship who may claim an interest in the disputed property.  28 U.S.C. § 1335(a); and Star, 273 F.Supp.2d at 41.  Plaintiff has averred all of these requirements in its complaint (Doc. 1) and has delivered the interpleader funds to the Clerk.  No defendant has filed a motion to dismiss plaintiff's complaint or a counterclaim against plaintiff.  Marita G. Snyder, who is the only defendant who has answered, has admitted the Court's jurisdiction (Doc. 13 and Docket).  She has asserted five affirmative defenses but none of them allege wrongdoing by plaintiff (Doc. 13).  Thus, it appears that plaintiff is entitled to be dismissed from this action.  See, John Alden Life Ins. Co. v. Vanlandingham, 2006 WL 1529047 *5 (M.D. Fla. 2006) in which the Court granted a disinterested stakeholder early dismissal with prejudice.

The Court may, in the exercise of its equitable powers, award attorneys' fees and court costs to a wholly disinterested stakeholder who brings disputed property into court by way of a suit for interpleader.  U.S. v. Sentinel Fire Ins. Co., 178 F.2d 217, 237 (5th Circuit 1950); and Orseck 699 F.Supp.2d at 1349-1350.  While the award of fees and costs is discretionary such an award is "common where the [disinterested] stakeholder has acted in good faith."  Katsaris v. United States, 684 F.2d 758, 763 (11th Cir. 1982).  Here, it appears that plaintiff is a truly disinterested

stakeholder that has acted in good faith. Accordingly, payment of its reasonable attorneys' fees and costs from the interpleader funds is appropriate.

### III. RECOMMENDATION

In view of the foregoing, it is respectfully RECOMMENDED that:

1. New York Life Insurance Company's Motion to be Dismissed from this Interpleader Action with Incorporated Memorandum of Law (Doc. 12) be GRANTED;

2. Plaintiff should be discharged from any and all liability to the defendants in connection with the Policy and the benefits payable pursuant to the Policy; and

3. Plaintiff should be DISMISSED from this action WITH PREJUDICE subject to its right to submit affidavits supporting its claim for attorneys' fees and costs in connection with the filing and prosecution of this interpleader action.

IN CHAMBERS in Ocala, Florida, on February 7, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to:

    The Honorable Marcia Morales Howard
    United States District Judge

    Pro Se Defendants

    Counsel of Record