UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEW YORK LIFE INSURANCE COMPANY, a
New York corporation,

      Plaintiff,

v.              Case No. 5:11-cv-618-Oc-34TBS

MARITA G. SNYDER, SUSAN DECK, DENA
WOELFLING and THOMAS SNYDER,

      Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Plaintiff's Motion for Attorneys' Fees. (Doc. 16). Defendants have not responded to the motion and the time to do so has passed. This matter is now ripe for adjudication. Upon due consideration, the undersigned respectfully recommends that Plaintiff's motion be GRANTED in part. For the reasons discussed below, the Court recommends that the district judge make an award of attorneys' fees in favor of Plaintiff in the total sum of $6,154.

### I. Background

Plaintiff, New York Life Insurance Company issued life insurance policy ("Policy") number A3286518 in the amount of $50,000 to its insured, Terrance R. Snyder. (Doc. 1 ¶ 1). The proceeds of the Policy are payable to Mr. Snyder's designated beneficiaries upon his death. Mr. Snyder died on February 15, 2011. (Id.). The defendants have made conflicting clams to the proceeds of the Policy. (Id. ¶ 2).

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

On November 14, 2011, Plaintiff filed this interpleader action to determine the proper disposition of the proceeds. (Id.). On December 8, 2011, Plaintiff deposited $50,130.36 representing the funds plus accrued interest with the Clerk of this Court. (Docs. 5 and 6). Plaintiff makes no claim to this money and is a party to this action solely because it is a stakeholder. (Doc. 1 ¶ 22). All defendants have agreed to accept service of plaintiff's complaint, have executed waivers of summons and are properly before this Court. (Docs. 7-10). On January 19, 2012, Plaintiff filed a motion to be dismissed from this interpleader action. (Doc. 12). On February 7, 2012, the undersigned recommended that the district judge dismiss Plaintiff, discharge it from any and all liability to the defendants in connection with the Policy and the benefits payable under the Policy, and award reasonable attorneys' fees and costs in connection with the filing and prosecution of this interpleader action.[2] (Doc. 14). On May 7, 2012, the district judge adopted the report and recommendation and dismissed Plaintiff with prejudice. (Doc. 15).

## II. Discussion

The Court has already determined "that plaintiff is a truly disinterested stakeholder that has acted in good faith," and that the "payment of its reasonable attorneys' fees and costs from the interpleader funds is appropriate." (Doc. 14 at 4). Therefore, the undersigned's only task is to determine how much of a fee award Plaintiff's counsel should receive.

---

[2]In its February 7, 2012 report and recommendation, the undersigned noted that,

> The Court may, in the exercise of its equitable powers, award attorneys' fees and court costs to a wholly disinterested stakeholder who brings disputed property into court by way of a suit for interpleader. U.S. v. Sentinel Fire Ins. Co., 178 F.2d 217, 237 (5th Circuit 1950); and Orseck 699 F.Supp.2d at 1349-1350. While the award of fees and costs is discretionary such an award is "common where the [disinterested] stakeholder has acted in good faith." Katsaris v. United States, 684 F.2d 758, 763 (11th Cir. 1982).

(Doc. 14 at 3).

2

**A. The Lodestar Approach**

In the Eleventh Circuit, district judges are required to use the lodestar approach in order to determine reasonable attorney fees. Chemische Fabrik Budenheim KG v. Bavaria Corp. Int'l., No. 6:08-cv-1182-Orl-22DAB, 2009 U.S. Dist. LEXIS 122133, at *3 (M.D. Fla. Nov. 16, 2009), adopted by, 2010 U.S. Dist. LEXIS 714; see also Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Court must determine the lodestar by multiplying the number of hours reasonably expended by a reasonable hourly rate. Norman, 836 F.2d at 1299. As the fee applicant, Plaintiff "bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Id. at 1303. Plaintiff may meet this burden "by producing either direct evidence of rates charged under similar circumstances, or opinion evidence of reasonable rates." Chemische, 2009 U.S. Dist. LEXIS 122133, at *5. The fee applicant "should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).[3]

Because defendants failed to file a response in opposition to the motion, the Court lacks the benefit of scrutiny and analysis from the opposing parties. See Godoy v. New River Pizza, Inc., 565 F. Supp. 2d 1345, 1347 (S.D. Fla. 2008) (noting that the adversarial process normally aids the Court in determining whether the amount of attorney's fees requested is "reasonable."). Nonetheless, even in the absence of a response from defendants, the Court has a duty to ensure that Plaintiff's request for attorney's fees is reasonable. Id. (citing Hensley, 461 U.S. at 433-34). "[T]he Court may use its own expertise and judgment to make an appropriate independent assessment of the value of the attorney's services." Chemische

---

[3] After determining the lodestar, the Court may adjust the amount depending upon a number of factors, including the quality of the results. Norman, 836 F.2d at 1302.

Fabrik, 2009 U.S. Dist. LEXIS 122133, at *5 (citing Norman, 836 F.2d at 1303); see also Perez v. Sanford-Orlando Kennel Club, Inc., et al., No. 6:05-cv-269-Orl-28KRS, 2009 U.S. Dist. LEXIS 71823, at *4 (M.D. Fla. July 2, 2009) ("It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees."). For the reasons set forth below, the undersigned cannot recommend approval of the requested fee amounts.

### 1. Reasonable Hourly Rate

The first part of the lodestar analysis requires the Court to determine a reasonable hourly rate for the attorney's time. A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.2d at 1299. The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates in the relevant community. Id. Satisfactory evidence consists of more than the affidavit of the attorney who performed the work. Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299); see also Access 4 All, Inc. v. Ramos-Mejia, Inc., No. 02-60733-CIV- DIMITROULEAS/SELTZER, 2003 U.S. Dist. LEXIS 27076, at *4 (M.D. Fla. Sept. 22, 2003) (quoting Norman, 836 F.2d at 1299). The Eleventh Circuit has recognized that the Court itself is an expert with regard to the hourly rates charged in the local community. Norman, 836 F.2d at 1303.

Here, Plaintiff requests a total of $8,386.50 in fees for work performed by Beau A. Baker and his co-counsel Martin G. Durkin and Trisha M. Rich, on behalf of the law firm of Holland & Knight LLP. (Doc. 16). In his affidavit, Mr. Baker represents that although his standard rate is $270.00 per hour, he billed Plaintiff for 27.90 hours at a rate of $210.00 per hour. (Doc. 16 at 6-7, 17). Mr. Baker also attested that both, Ms. Rich and Mr. Durkin billed

4

Plaintiff at discounted rates of $235.00 per hour for 7.90 hours and $550.00 per hour for 2.90 hours, respectively.[4] (Id. at 7, 17).

In support of its fee request, Plaintiff has submitted (1) Mr. Baker's sworn declaration; (2) detailed billing statements; and (3) printouts from Holland & Knight LLP's website showing the biographies for the affiant and his co-counsel. Id. Upon consideration and review, the Court finds the rates charged for Ms. Rich and Mr. Baker are within the prevailing range for similarly experienced lawyers in this community. Given the simplicity of this matter, Mr. Durkin's discounted rate of $550 per hour is excessive. The Court bases these findings upon Mr. Baker's affidavit and its own knowledge of market rates.

**2. Reasonable Number of Hours**

Once the Court has determined the reasonable hourly rates applicable under the circumstances of the case, it must determine the reasonable number of hours expended by the attorneys. Norman, 836 F.2d at 1301. The fee applicant bears the burden of documenting the appropriate number of hours. Id. at 1303. Proof of the hours dedicated to the litigation must be made with sufficient specificity. Id. at 1301-03. The Court should exclude hours that are excessive or otherwise unnecessary, redundant, and spent on discrete and unsuccessful claims. Id. at 1301.

This is a simple case which required minimum time and labor. It did not, in this Court's view, require a partner and two associates. The use of three lawyers resulted in inefficiencies which included multiple attorneys billing to draft the complaint and review and analyze the same issues, correspondence and court orders. The attorneys also charged for

---

[4]According to Mr. Baker, Mr. Durkin, who is a partner in the law firm of Holland & Knight LLP regularly bills clients at a rate of $670.00 an hour. Similarly, Mr. Baker attested that Ms. Rich's standard billing rate is $355.00 an hour. (Doc. 16 at 6-7).

discussing some of these matters amongst themselves. For example, counsel billed approximately[5] 8.5 hours to prepare a simple, one count complaint for interpleader, summonses and address "summons issues." Respectfully, this Court believes one experienced lawyer should have been able to perform these tasks in 2 to 3 hours. There were no hearings, no trial, and no other matters that would justify the need for a partner (Mr. Durkin) and two associates (Mr. Baker and Ms. Rich) at top— albeit discounted — dollar. Cf. Chemische Fabrik, 2009 U.S. Dist. LEXIS 122133, at *7. Upon consideration and review, the Court finds the hours billed are excessive and unreasonable under the circumstances. Based on experience and independent judgment, the Court has determined that a reasonable fee for work performed on this case would include time for the (presumed) client relationship partner, Mr. Durkin, to receive and review the matter and then delegate to an associate to handle, which, in this case would be Mr. Baker.[6] Upon consideration of the foregoing, the Court recommends that the district judge find that Ms. Rich's time is unrecoverable and award Plaintiff fees for work performed by Mr. Durkin and Mr. Baker at their discounted rates. This amounts to a $2,232.50 reduction in the total fees charged. In addition to bringing the hours billed into the range of reason, it also ameliorates Mr. Durkin's excessive hourly rate.

Accordingly, the court recommends that Plaintiff be awarded a total of $6,154 in compensation for the reasonable fees of Holland & Knight LLP attorneys Beau Baker and Martin Durkin.

---

[5]Time entries include more than one action making it impossible for the Court to determine the precise number of hours.

[6]A review of the docket reveals that Mr. Baker was the attorney responsible for filing documents on CM/ECF on Plaintiff's behalf. In addition, Mr. Baker attested that he is "the attorney at Holland & Knight LLP with primary responsibility for providing and/or supervising the legal services for the Plaintiff relative to this action[.]" (Doc. 16 at 6).

**C. Costs**

As the Court has already determined, the award of costs to the disinterested stakeholder is permitted in this interpleader action. (Doc. 14 at 3); see Orseck v. Servicios Legales, 699 F. Supp. 2d 1344,1349-50 (S.D. Fla. 2010) ("Disinterested stakeholders may also be awarded attorneys' fees and costs for their participation in the cause."); Katsaris v. United States, 684 F.2d 758, 763 (11th Cir. 1982). Federal statute allows for the recovery for the following costs:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title [28 USCS § 1923]; [and] (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

In this case, Plaintiff seeks reimbursement of the $350 filing fee (Doc. 21) which is compensable under 28 U.S.C. § 1920.

### III. Conclusion

Upon consideration of the foregoing, the undersigned respectfully recommends that:

1. The district court GRANT in part and DENY in part Plaintiff's motion for attorneys' fees, as described herein. The undersigned recommends that the district court award Plaintiff $6,154 in attorneys' fees, to be paid out of the interpleader funds which have been deposited into the registry of the court.

2. The district court GRANT Plaintiff's motion for costs and award it $350 to

7

be paid out of the interpleader funds which have been deposited into the registry of the court.

RESPECTFULLY RECOMMENDED in Ocala, Florida, on June 22, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable Marcia Morales Howard
United States District Judge

All Counsel of Record