UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NEW YORK LIFE INSURANCE COMPANY, a
New York corporation,

    Plaintiff,

v.                                        Case No. 5:11-cv-618-Oc-34TBS

MARITA G. SNYDER, SUSAN DECK, DENA
WOELFLING and THOMAS SNYDER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant Marita G. Snyder's Motion for Entry of Default Judgment. (Doc. 19). Defendant M. Snyder has moved for default judgment against her co-defendants, Susan Deck, Dena Woelfling, and Thomas Snyder. None of the defaulting defendants have filed responses to the motion and the time to do so has passed. Upon due consideration, the undersigned respectfully recommends that Defendant M. Snyder's motion be GRANTED.[2]

### I. Background

Plaintiff, New York Life Insurance Company issued life insurance policy ("Policy") number A3286518 in the amount of $50,000 to its insured, Terrance R. Snyder. (Doc. 1 ¶ 1). The proceeds of the Policy are payable to Mr. Snyder's designated beneficiaries upon

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

[2] Upon consideration of the Court's order at docket entry 23 and the affidavit of Defendant M. Snyder's counsel at docket entry 24, the undersigned finds that the movant has satisfied the requirements of the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521.

his death. Mr. Snyder died on February 15, 2011. (Id.). The defendants have made conflicting clams to the proceeds of the Policy. (Id. ¶ 2).

On November 14, 2011, Plaintiff filed this interpleader action to determine the proper disposition of the proceeds. (Id.). On December 8, 2011, Plaintiff deposited $50,130.36 representing the funds plus accrued interest with the Clerk of this Court. (Docs. 5 and 6). Plaintiff makes no claim to this money and is a party to this action solely because it is a stakeholder. (Doc. 1 ¶ 22). All of the defendants agreed to accept service of plaintiff's complaint, have executed waivers of summons, and are properly before this Court.[3] (Docs. 7-10). However, only Defendant M. Snyder answered the complaint. (Doc. 13). The Court dismissed Plaintiff from this action on May 7, 2012. (Doc. 15). On June 6, 2012, in response to Defendant M. Snyder's motion, the clerk entered defaults against defendants Deck, Woelfling, and T. Snyder (collectively "defaulted defendants"). (Doc. 18). Defendant M. Snyder filed the instant motion that same day. (Doc. 19).

## II. Discussion

The right of a defendant in an interpleader action to move for entry of default judgment against a co-defendant is recognized by district courts within this circuit. See Valley Forge, 2008 U.S. Dist. LEXIS 32110; see also Hartford Life & Annuity Ins. Co. v. Bridges, No. 3:08-cv-10(CDL), 2008 U.S. Dist. LEXIS 76780, at *3-4 (M.D. Ga. Sept. 24,

---

[3]The undersigned takes judicial notice of the fact that this federal court has both subject matter and personal jurisdiction over all the defendants. A district court has subject matter jurisdiction over an interpleader action, if it is a civil case that involves money or property worth at least $500 (which has been deposited into the registry of the court) and involves at least two diverse claimants. 28 U.S.C. § 1335; Valley Forge Life Ins. Co. v. Rockmore, No. 7:07-cv-0063(HL), 2008 U.S. Dist. LEXIS 32110, at *3 (M.D. Ga. April 18, 2008). This case concerns proceeds from a life insurance policy in the amount of $50,000, the sum of which was deposited into the registry of the court by Plaintiff on December 8, 2011. (Docs. 5 and 6). A review of the record reveals that diversity of citizenship is present because claimant M. Snyder is a citizen of Florida and the other claimants are citizens of Pennsylvania. (Doc. 1 ¶¶ 4-7; Docs. 7-10). In addition, "personal jurisdiction exists as to the defaulted Defendants by virtue of either a waiver of service of process and complaint or service of a summons and complaint." Sun Life Assurance Co. Of Canada v. Ida Conroy, 431 F. Supp. 2d. 220, 224-26 (D.R.I. Mar. 2006). As the record reveals, all of the defendants agreed to accept service of the complaint and have executed waivers of summons. (Docs. 7-10).

2008).  "In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res."  Valley Forge, 2008 U.S. Dist. LEXIS 32110, at *3;  Sun Life, 431 F. Supp. 2d. at 226-227.

Here, as noted in section I, supra, all of the defaulting defendants agreed to accept service of plaintiff's complaint and  have executed waivers of summons.  (Docs. 7-10).  Through their endorsement of the waivers, the defaulting defendants acknowledged that the failure to answer the complaint would result in the entry of a default judgment against them.  (Doc. 8 at 3-4; Doc. 9 at 3-4; Doc. 10 at 3-4).  Only Defendant M. Snyder answered the complaint.  (Doc. 13).   On May 22, 2012, Defendant M. Snyder filed a motion for the entry of a clerk's default against each of the defaulting defendants.  (Doc. 17).  The clerk entered the default order on June 6, 2012.  (Doc. 18).

Upon consideration of the foregoing, the undersigned finds that as the sole remaining claimant Defendant M. Snyder is entitled to the res.  Accordingly, it is respectfully recommended that:

    1.    Defendant M. Snyder's motion (Doc. 19) be GRANTED.

    2.    The Clerk be directed to enter judgment in favor of Defendant Snyder and against the defaulting defendants.

    3.    The proceeds of the Policy which have been deposited into the Registry of the Court (minus the $6,154.00 in attorneys' fees the undersigned recommended be awarded to Plaintiff's counsel on June 22, 2012 (Doc. 22)) be paid to Defendant M. Snyder.

    4.    The defaulting defendants be restrained from instituting any action against Plaintiff related to the recovery of the same life insurance

proceeds. See Valley Forge, 2008 U.S. Dist. LEXIS 32110, at *4; Sun Life, 431 F. Supp. 2d. at 227.

5. The Clerk be directed to CLOSE the file.

RESPECTFULLY RECOMMENDED in Ocala, Florida, on July 2, 2012.

*[signature]*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable Marcia Morales Howard
United States District Judge

All Counsel of Record